UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COCO OIL & GAS, LLC                    *    CIVIL ACTION
                                       *
VERSUS                                 *    NO. 11-168
                                       *    C/W 11-200, 11-243
                                       *    REF: 11-243
SHANNON TERRY, ET AL                   *    SECTION "B"(4)

ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. No. 26), requesting the Court to remand the instant action to the 25th Judicial District Court for Plaquemines Parish, State of Louisiana, which Defendants oppose (Rec. Doc. No. 28).  For the reasons articulated below;

IT IS ORDERED that Plaintiffs' Motion to Remand (Rec. Doc. No. 26) be and is hereby GRANTED, the above captioned matter is hereby SEVERED from Civil Action Numbers 11-168 and 11-200 and remanded to the 25th Judicial District Court for the Parish of Plaquemines for further proceedings.

I. *Cause of Action and Facts of Case*

Plaintiffs initiated this action to dissolve a contract existing between Plaintiffs and Defendant DDD Energy, LLC (hereinafter "DDD") and Defendant St. Francisville Oil & Gas, LLC (hereinafter "SFOG") and to recover damages for breach of that contract.

Plaintiffs allege in their Petition that on or about March 4, 2010, Plaintiffs entered into an "Agreement for Acquisition of Interest in Poydras Energy Partners, LLC" (hereinafter "Agreement")

with Defendant DDD.  (Rec. Doc. No.  1-2 at 1, ¶ 3).  As manager of DDD (Rec. Doc. No. 28, at 2), Defendant Terry signed the Agreement on behalf of DDD.  (Rec. Doc. No. 1-2 at 1, ¶ 3).

Prior  to  DDD's  acquisition  of  interest  in  Poydras  Energy Partners, LLC (hereinafter "Poydras"), Plaintiff Coco Oil & Gas, LLC (hereinafter Coco) and Defendant SFOG each owned a 50% interest in Poydras.  *Id*. at 2, ¶ 4.  Freeman owned 100% of Coco before the March 4, 2010 transaction.  *Id*.

Pursuant  to  the  Agreement,  DDD  acquired  a  50%  ownership interest in Coco from Freeman.  *Id*. at 2, ¶ 6.  This transaction resulted in DDD acquiring an interest in Poydras, which at the time of the execution of the Agreement was burdened with approximately $900,000 in trade debt.  *Id*. at 2, ¶ 5.  According to Plaintiffs, as  a  material  portion  of  the  consideration  for  this  transfer, Defendants  DDD  and  SFOG  obligated  themselves  to  discharge  this $900,000 of trade debt, with Defendants DDD and SFOG each supplying 50% of the funds necessary to discharging the debt.  (Rec. Doc. Nos. 1-2 at 2, ¶ 6, and 26-4, at 3).  Further, and among other obligations, DDD agreed to hold Freeman harmless from Freeman's one-half  ownership  obligation  as  owner  of  Poydras  for  such liabilities and duties.  *Id*.

Plaintiffs  allege  that  despite  "repeated  requests"  from Plaintiffs, Defendants DDD and SFOG have failed and refused to discharge Poydras's debt on a timely basis.  (Rec. Doc. No. 1-2 at

2

2, ¶ 7). Plaintiffs claim that as a result of this failure and refusal, creditors of Poydras have either already brought legal action against Poydras, or are threatening to take collection action against Poydras. *Id.*

Plaintiffs further allege Defendant Terry intentionally interfered with the Agreement and intentionally caused DDD to breach the Agreement. *Id*. at 3, ¶ 8. Plaintiffs claim that Terry has knowingly and intentionally caused DDD to breach the Agreement by refusing, without justification, to allow DDD to pay the trade debt, as required by the Agreement. *Id*.

As a result of the alleged breach of contractual obligation, Plaintiffs seek to dissolve the Agreement and rescind Freeman's transfer of a 50% interest in Coco to DDD. *Id*. at 3, ¶ 9. Plaintiffs ask that the court require DDD to return its 50% ownership interest in Coco to Freeman. *Id*. Additionally, Plaintiffs assert that because Defendants breached the obligations, Defendants are liable for reasonable damages incurred as a result of the alleged breach, including costs and attorney's fees incurred by Plaintiffs in defending any lawsuits filed by any creditors of Poydras. *Id*. at 3, ¶ 10. Finally, Plaintiffs urge that Defendants be held liable, jointly and *in solido*, for such reasonable damages, plus all costs of these proceedings, and for all general and equitable relief. *Id*. at ¶ 11.

The Parties agree as to the citizenship of the following

parties for diversity purposes:

    1) David Freeman, Plaintiff: Citizen of Louisiana

    2) Coco Oil & Gas, LLC, Plaintiff: Citizen of Louisiana and Texas

    3) Shannon Terry, Defendant: Citizen of Florida

    4) DDD Energy, LLC, Defendant: Citizen of Texas

    5) Triumph Energy I, LLC, Defendant: Citizen of Texas

    6) St. Francisville Oil & Gas, LLC, Defendant: Citizen of Texas

## II. *Procedural History*

Plaintiffs initially filed this suit with the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, on January 11, 2011. (Rec. Doc. No. 1-2, at 1-5). On January 14, 2011, Plaintiffs filed a supplemental and amending petition with the state court. (Rec. Doc. No. 1-2, at 6-10). In their supplemental and amending petition, Plaintiffs alleged facts necessary to make Triumph Energy I, LLC ("Triumph") a defendant in the current action.[1]

---

[1] Plaintiffs allege that the "Agreement for Acquisition of Interest in Poydras Energy Partners, LLC" stipulates that Poydras was to assign certain "gross working interests" and "net revenue interests" of certain oil leases held by Poydras to Defendant DDD. (Rec. Doc. No. 1-2, at 6, ¶ 4). Plaintiffs further allege that the transfer of those interests was conditioned upon DDD complying with the terms of the Agreement, including the requirement that DDD and SFOG discharge all of the disclosed accounts payable of Poydras, totaling approximately $900,000. *Id*. Plaintiffs claim that Triumph is a necessary party because DDD transferred DDD's interests in the oil leases to Triumph. *Id*. at 7, ¶ 5. Plaintiffs claim that in addition to Triumph holding certain interests that belong to Poydras, Triumph has also transferred portions of the lease interests to third parties. *Id*. at 7, ¶ 10.

On or about February 4, 2011, Defendants filed their Notice of Removal (Rec. Doc. No. 1) with the United States District Court for the Eastern District of Louisiana.  Defendants answered Plaintiffs' Petition on February 14, 2011, asserting various affirmative defenses therein.  (Rec. Doc. No. 7).

Judge McNamara consolidated the current action with C.A. 11-168 and C.A. 11-200 on February 15, 2011.  (Rec. Doc. No. 9).  On February 17, 2011, Plaintiffs filed a Motion to Remand C.A. 11-168 with this Court.  (Rec. Doc. No. 14).  On March 1, 2011, Plaintiffs filed the current Motion to Remand C.A. 11-243 with this Court. (Rec. Doc. No. 26).

### III. *Contentions of Parties*

Plaintiffs assert that this Court lacks subject matter jurisdiction over this case as this case lacks complete diversity amongst the opposing parties.  (Rec. Doc. No. 26).  Specifically, Plaintiffs claim that Coco and Defendants DDD, Triumph, and SFOG are all Texas citizens.  (Rec. Doc. No. 26-1, at 6).  Plaintiffs then counter Defendants' assertions that Coco was fraudulently joined to the current action to improperly defeat diversity jurisdiction.  *Id*.

Plaintiffs argue that Coco has a 50% membership interest in Poydras.  *Id*. at 7.  Coco is both a member of Poydras and a signatory to the Agreement.  *Id*.  According to Plaintiffs, since Defendants DDD and SFOG have failed in their obligation pursuant to

the Agreement to discharge the approximately $900,000 in trade debt due and owed by Poydras, Coco has a vested interest in either enforcing the agreement, or seeking dissolution and damages for the Defendants' alleged breach of contract. *Id*.

Plaintiffs further assert that Freeman, as the Manager of Coco, has a right to bring suit to enforce any rights of Coco, a limited liability company ( hereinafter "LLC"). *Id*. at 8. Plaintiffs claim that Freeman has the capacity to bring such a legal action due to his being a mandatary of Coco. *Id*.

Defendants claim that Plaintiff Freeman fraudulently joined Coco as a plaintiff to this action. (Rec. Doc. No. 28, at 8). Specifically, Defendants allege that Freeman was without authority to have Coco bring suit because Freeman did not follow certain legal formalities in becoming the Manager of Coco. *Id*. at 9-10.

Defendants contend that Freeman failed to follow the legal formalities, he cannot be considered the Manager of Coco. *Id*. at 10. Instead of being the Manager of Coco, Defendants claim that Freeman is simply a member owning 50% of the LLC along with DDD, who also owns 50%. *Id*. According to Defendants, a member owning 50% of a LLC cannot have that company bring an action against the other 50% owner.[2] *Id*. Therefore, according to Defendants, Freeman was without power to have Coco bring suit against Defendants and

---

[2]Defendants seem to forget that DDD, a 50% owner of Coco, is an interested party in this action. Why would DDD acquiesce to Coco bringing suit against DDD for breach and dissolution of contract?

only joined Coco as a plaintiff to fraudulently defeat diversity.

Defendants also claim that since Freeman has acted against the interest of Coco, and thus has a conflict of interest with Coco, he cannot cause his counsel to simultaneously represent Coco in the current action. *Id*. To bolster their assertion that Freeman has a conflict of interest with Coco, Defendants point to another matter currently pending before this Court, styled *DDD Energy, LLC and Shannon Terry v. David Freeman*, C.A. 11-0200. Defendants point to ethical rules and precedent to argue that Freeman's counsel cannot represent Coco in the current action. *Id*.

IV. *Law and Argument*

A.   *Removal and Diversity Jurisdiction*

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Indeed, federal courts employ a presumption against federal subject matter jurisdiction. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The defendant seeking removal to the jurisdiction of the federal court has the burden of establishing a right thereto. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). Defendants may remove a case to federal court only if the suit initially could have been filed in federal court. 28 U.S.C. § 1441(a).

7

As a result of the presumption against subject matter jurisdiction and the defendant's burden in establishing it, federal courts characterize the burden imposed on the removing defendant as "heavy." *Saxton v. Capital One Bank*, 392 F. Supp. 2d 772, 777 (S.D. Miss. 2005). *See also Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). In addition to this heavy burden, federalism concerns raised by the statutory right to removal "mandate strict construction of the removal statute." *Carpenter*, 44 F.3d at 365-66. Remand orders by a district court are not subject to appellate review unless federal jurisdiction is conferred by 28 U.S.C. § 1443. 28 U.S.C. § 1147(d). *See also Things Remembered, Inc. v. Petraca*, 516 U.S. 124, 127 (1995).

In a case with multiple plaintiffs and multiple defendants, complete diversity of opposing parties is required. *Exxon v. Allapattah*, 545 U.S. 546, 552 (2005). When diversity of citizenship is the basis of removal, diversity must exist not only at the time the action was filed in state court, but also at the time the case is removed to federal court. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665 (5th Cir. 2007).

Here, the parties admit that, as the case stands, the court lacks the jurisdiction to hear this action because the opposing parties are not completely diverse. Because of this insufficiency, the instant case could not have been filed in federal court at its outset, which is typically the requirement for removal

jurisdiction.   *See* 28 U.S.C. § 1441(a).   *See also* Erwin
Chemerinsky, <u>Federal Jurisdiction</u> § 5.5 (5th ed. 2007).   However,
Defendants claim that Freeman fraudulently and improperly joined
Coco to the action to defeat diversity.   A civil action removed to
federal court on the basis of diversity jurisdiction requires
complete diversity of opposing parties, unless one of the opposing
parties was improperly joined to defeat diversity.   *See* 28 U.S.C.
§ 1441(b).   According to Defendants, Coco should be severed from
the current proceeding.   The Court must sever Coco from the action
if the Court finds that Freeman fraudulently joined Coco to defeat
diversity.   If such a finding occurs, this case will then satisfy
the complete diversity requirement.

   B.   *Improper or Fraudulent Joinder*

   "Joinder is improper if 'there is no reasonable basis for the
district court to predict that the plaintiff might be able to
recover against a[] [non-diverse] defendant,' so that a plaintiff
must be able to survive a hypothetical Rule 12(b)(6) challenge to
the claim to effect remand."   *Hawthorne Land Co. v. Occidental
Chem. Corp.*, 431 F.3d 221, 224 (5th Cir. 2005) (quoting *Smallwood
v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).
"[F]raudulent joinder claims can be resolved by piercing the
pleadings and considering summary judgment-type evidence such as
affidavits."   *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d
256, 263 (5th Cir. 1995).   However, the court must consider all

unchallenged factual allegations "in the light most favorable to
the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).
The court must also resolve all ambiguities in the controlling
state law in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*,
60 F.3d 213, 216 (5th Cir. 1995).  After consideration of the
preceding standards, the court must determine whether "there is *no
possibility* that the plaintiff would be able to establish a cause
of action against the [non-diverse] defendant in state court." *B.,
Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)
(emphasis in original).  A plaintiff's ultimate failure to prevail
on the merits of the cause of action in state court is immaterial.
*See Butler v. R.J. Reynolds Tobacco Co.*, 815 F. Supp. 982 (S.D.
Miss., 1993).  Thus, "[t]he burden of persuasion on those claiming
fraudulent joinder remains a heavy one." *Ross v. Citifinancial,
Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

    Depending on whether the management of the LLC is reserved to
the members or a manager of the LLC, the members or manager of the
LLC may be considered a mandatary of the LLC for all matters in the
ordinary course of its business.  La. Rev. Stat. Ann. § 12:1317
(providing exceptions not applicable to the instant matter).  A
mandatary can do any acts that are either incidental or necessary
for performance of his mandate.  La. Civ. Code Ann. art. 2995.
"The authority granted to a mandatary to perform an act that is an
ordinary part his profession or calling, or an act that follows

10

from the nature of his profession or calling, need not be specified." *Guidry v. Hanover Ins. Co.*, 09-2202, p. 6 (La. App. 5 Cir. 11/10/09); 28 So.3d 426, 429 (citing La. Civ. Code Ann. art. 2995).

Defendants assert that because Freeman failed to follow legal formalities when he became the Manager of Coco, he is without power as Manager of Coco and cannot act as mandatary to file suit on behalf of Coco. Defendants thus argue that Coco cannot establish a cause of action against the non-diverse parties — or any party to this action — in state court and is therefore fraudulently made a plaintiff in this proceeding.

Defendants buttress this assertion by citing case law that they claim to support the notion that, as a 50% member of Coco, Freeman cannot cause Coco to bring suit against DDD, the other 50% member. However, there is no authority for this proposition in Louisiana law. Defendants cite the Court to *Innovative Therapy Products Inc. v. Roe*, 1998 WL 405049 (E.D. La. 1998), a case that involved a 50% shareholder and *de facto* president of a corporation who was denied the authority to bring suit on behalf of the corporation against the other 50% shareholder and *de facto* vice president of the corporation. The court in *Innovative Therapy Products* instead found that the preferred method of bringing such a suit would be through a shareholder derivative action. *Id*. at p. *6. That case did not involve a dispute between 50% members of a

11

LLC. Further, the dispute, resolution, and reasoning in *Innovative Therapy Products* was based on Louisiana's law of corporations, specifically La. Rev. Stat. Ann. § 12:82(G), and not the laws pertaining to LLCs. That statute grants the *president* of a *corporation* the power to bring suit on behalf of the *corporation* only when granted permission to do so by the passing of a resolution by the *board of directors*. *See Innovative Therapy Products* at p. *5. The court reasoned that the same statue also allowed the vice president of the corporation the same authority. *Id*. Thus, the court found that since the *de facto* vice president could have brought the same breach of fiduciary duty action against the *de facto* president, the *de facto* president should not have such authority. *Id*. at p. *6. In fact, for that reason, the court stated that an alternate holding would have been "especially inappropriate." *Id*.

The law of Louisiana is silent about the ability of LLC members and managers to cause the LLC to bring suit against other members. However, the laws regulating unincorporated associations, a term that includes certain types of LLCs,[3] allow an unincorporated association to "assert a claim against a member or a person considered to be a member by the unincorporated

---

[3] In Louisiana, a LLC is defined as "an unincorporated association having one or more members that is organized and existing under this Chapter." La. Rev. Stat. Ann. § 12:1301(10). An unincorporated association is "an unincorporated organization, other than one created by a trust, consisting of two or more members joined by mutual consent for a common, nonprofit purpose." La. Rev. Stat. Ann. § 12:501(5).

association." La. Rev. Stat. Ann. § 12:506(E). The similarities between the entities regarding litigation procedure are shown by the procedural requirements of bringing a derivative action on behalf of a LLC. For purposes of derivative actions brought by members to enforce the rights of a LLC, the LLC is treated as an unincorporated association. *See* La. Rev. Stat. Ann. § 12:1365; La. Code Civ. Proc. Ann. art. 611. Further, legal scholars have noted that Louisiana law is silent as to how LLCs are to be treated for purposes of ordinary litigation. These scholars argue that "from a textual standpoint, the LLC would seem to qualify as an unincorporated association" for procedural purposes. 8 La. Civ. L. Treatise, Business Organizations § 44.24 (2010).

As a mandatary, the member or manager of a LLC has the authority of law to cause an LLC to bring suit when the LLC has incurred damage resulting from an alleged breach of a contractual obligation affecting the LLC. *See* La. Rev. Stat. Ann. § 12:1317; La. Civ. Code Ann. art. 2995. The authority to cause an LLC to bring suit stems from the fact that protecting the LLC's interest is incidental to the authority of mandate and quite possibly necessary for the performance of the mandate. *See* La. Civ. Code Ann. art 2995. A suit for breach of contract must be brought by the LLC and cannot be brought by a member of the LLC on behalf of the LLC. 9 La. Civ. L. Treatise, LLC & Partnership Bus. & Tax Plan § 1.10 (3d ed.) (citing *Northeast Realty, L.L.C. v. Misty Bayou,*

*L.L.C.*, 40,573 (La. App. 2 Cir. 1/25/06); 920 So.2d 938; *Metro Riverboat Assoc., Inc. v. Bally's La., Inc.*, 99-0983 (La. App. 4 Cir. 1/24/01); 779 So.2d 122).  A LLC has the procedural capacity to sue in the company name in order to enforce its rights.  La. Code. Civ. P. art. 690.

   To rule on the instant motion, the Court need only determine whether, from Plaintiffs' Complaint, Coco has stated a cause of action for which relief may be granted.  *See Hawthorne*, 431 F.3d at 224.  This cause of action must be plausible on its face, *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), and lead to the "reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  There must only be a mere possibility that Coco may be able to establish a cause of action against the Defendants in state court.  *See Miller Brewing Co.*, 663 F.2d at 549.

   According to the allegations in the Complaint, Coco has stated a cause of action which may entitle it to relief.  In order to obtain a membership interest in Coco, Defendant DDD was required to pay a certain amount of trade debt held by Poydras.  (Rec. Doc. No. 1-2 at 2, ¶ 6).  Plaintiffs allege that Defendants have failed and refused to comply with this obligation, among other obligations, created by the "Agreement for Acquisition of Interest in Poydras Energy Partners, LLC."  *Id*. at ¶ 7.  If these allegations are true, then Defendants have harmed Coco and Coco may sue to enforce its

14

rights.  *See* La. Code Civ. P. art. 690.  Moreover, as a member or manager of Coco, and therefore a mandatary, Freeman had the authority to cause Coco to bring suit.  *See* La. Civ. Code Ann. art. 29958.  But, regardless of the issue of mandate, Coco must bring this action in the name of the company.  9 La. Civ. L. Treatise, LLC & Partnership Bus. & Tax Plan §1.10 (3d ed.)  The suit cannot be brought on behalf of Coco.  And, despite the contentions of Defendants, according to the Louisiana laws pertaining to unincorporated association, Coco seems to have the power to bring suit against one of its members.  *See*  La. Rev. Stat. Ann. § 12:506(E).[4]

Thus, the Court can and does address the instant motion without examining the issue of whether Freeman is in fact the Manager of Coco, or simply a member.  According to documents filed with Plaintiffs' Complaint, Freeman is the Manager of Coco.  (Rec. Doc. No. 1-3, at 7).  The document also states that Freeman is the sole member of Coco, which may be possible if Defendant DDD failed to comply with the Agreement.  However, the Court need not decide these issues because Coco has raised a cause of action that may entitle it to relief.  There is a reasonable basis for the Court to

------

[4]Since this assertion by Defendants seems to be a novel issue of state law in Louisiana, remand may be justified solely on the concerns regarding federalism addressed by the Fifth Circuit in *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995) ([B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism conerns . . . which mandate strict construction of the removal statute.") (citations omitted).

predict that Coco might be able to recover against a nondiverse defendant, Coco has therefore surpassed the requirements for improper joinder. *Hawthorne*, 431 F.3d 221, 224.

### V. *Conclusion*

Plaintiffs have shown that Coco is a proper party to this action and has stated an action that may entitle it to relief. Freeman did not cause Coco to bring suit in its own name in order to improperly defeat the requirement of complete diversity of opposing parties. Because the opposing parties are not completely diverse as required by the principles of federal jurisdiction and procedure provided by 28 U.S.C. § 1441, Plaintiffs' Motion to Remand the instant matter to the 25th Judicial District Court for the Parish of Plaquemines is granted; accordingly, the instant matter is severed from Civil Action Numbers 11-168 and 11-200.

New Orleans, Louisiana, this 18TH day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE

16